### GLAUDEL et al. v. HIATT.

(Circuit Court of Appeals, Ninth Cicruit. February 16, 1925.)

No. 4373.

Patents ⬤⟷328—Reissue No. 15,433, claims 7, 8, for auxiliary wind-shield attachment for automobiles, held not infringed.

Reissue patent No. 15,433, claims 7, 8, for auxiliary wind-shield attachment for automobiles *held* not infringed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by George Glaudel and another against O. W. Hiatt, doing business as the Simplex Manufacturing Company, to enjoin infringement of patent No. 15,433, claims 7 and 8, reissued August 22, 1922. Judgment for defendant, and plaintiffs appeal. Affirmed.

Herman Miller, of Los Angeles, Cal., for appellants.

G. E. Harpham, of Los Angeles, Cal., for appellee.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. We do not find it necessary to decide the question raised regarding the validity of the appellants' patent for the reason that, assuming it to be valid, it does not appear that the appellee in any way infringed it. The record contains none of the evidence given in the trial court other than a stipulation by the respective parties to the effect that the appellant has received certain specified royalties for the use of his device. The patent sued on is a reissue, under date, August 22, 1922; the original having been issued July 13, 1920. It was for a wind-shield attachment for automobiles providing a clamping arrangement whereby an auxiliary wind-shield is attached to the main wind-shield, extending outwardly from either side of it. As shown in the drawings of the patent and in the model presented by stipulation of the parties, a vertical bracket 7 is fastened to a main wind-shield frame 6. At the extremities of the bracket 7 two arms 13 extend at right angles therefrom. Each arm 13 engages a plate of glass 12 and extends beyond one edge thereof. A clamping bar 15 is pivoted to the outer end of the arm 13 and is disposed on the other side of the glass plate 12 opposite the arm 13. A screw 25 connecting arm 13 with clamping bar 15 intermediate their ends adjusts the pressure of the arm 13 and the clamping bar 15, between which the glass plate 12 is held in a jaw-like grip. The pivoted connection just referred to between the arm 13 and clamping bar 15 retains them in parallel relation on opposite sides of the glass plate 12 while allowing uniform pressure to be exerted along parallel planes against the glass plate 12. Resilient pads 24 interposed between glass plate 12 and the arm 13 and clamping bar 15 prevent injury to the glass.

It also appears that, according to the patent, "In carrying out the invention the wind deflector plate is formed on its outer face with a pair of spaced arcuate channels 17 and 18 extending parallel with and adjacent to one of its vertical edges, and the clamping members are formed with transversely extending arcuate end portions 19 and 20 adapted to project into the channels 18 and 17 as shown in Fig. 3." The stipulated exhibits submitted to this court show that the appellee made no use of the appellants' brackets or of its arms, his device consisting only of two clamps, one of which is pivoted at the top of the wind-deflecting plate, and the other at its bottom. We therefore think the trial court was clearly right in holding that there was no infringement.

The judgment is affirmed.